# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DARYN S. RICHARDSON, | Case No. 2:21-cv-00014-KJD-EJY |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN CALVIN JOHNSON, *et al.*, | |
| Respondents. | |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254[1] Cases in the United States District Courts. Following review of the petition, its attachments, and the state court records in Petitioner Daryn Richardson's criminal case and appeals,[2] the Court will order petitioner to show cause why it should not be dismissed as untimely.[3]

## I.   BACKGROUND

Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). A jury found him guilty of sexual assault resulting in substantial bodily harm and battery with intent to commit sexual assault resulting in substantial bodily harm. On February 23, 2017, the state district court entered a judgment of conviction and sentenced Petitioner to fifteen years to life and a consecutive term of ten years to life. Petitioner appealed and on October 2, 2018, the Nevada Supreme Court affirmed the judgment of conviction.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Petitioner has attached only some of the written findings of the state courts to his petition. However, the dockets of his criminal action and appeals are available online, and the Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: www.clarkcountycourts.us and www.caseinfo.nvsupremecourt.us/public/caseSearch.do .

[3] Petitioner has filed a motion for appointment of counsel, which the Court defers consideration of until after petitioner has responded to this order to show cause.

On October 22, 2019, Petitioner filed a state habeas petition and on March 30, 2020, the state district court denied his state habeas petition. Petitioner did not appeal the denial of his state habeas petition. On January 4, 2021, Petitioner dispatched the instant federal habeas petition for filing. ECF No. 1.

## II. IFP APPLICATION

Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may request permission to proceed in forma pauperis ("IFP"). Indigent prisoners who do not have the money to pay the five dollar ($5.00) filing fee for a habeas petition may apply for IFP status. A prisoner's IFP application must be submitted on the form provided by the court and include specific financial documents. 28 U.S.C. § 1915; LSR 1-1, LSR 1-2. The Court has considered Petitioner's IFP application along with the attached financial documents and concludes that he cannot pay the $5.00 filing fee. The IFP application will therefore be granted.

## III. ORDER TO SHOW CAUSE

### a. Timeliness

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The judge may also dismiss claims at screening for procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitation period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period, i.e., 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme

Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitation period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). And no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007.

Here, Petitioner's conviction became final when the time expired for filing a petition for writ of certiorari with the Supreme Court of the United States on December 31, 2018. The federal limitation period began running the following day. Petitioner timely filed his state petition on October 22, 2019, tolling the AEDPA clock. As a result, 294 days elapsed between the finality of judgment and the filing of the state petition. The remaining 71 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to his state petition. The state district court denied his state habeas petition on March 30, 2020. Accordingly, under the Nevada Rules of Appellate Procedue ("NRAP"), Petitioner had 30 days, or until April 30, 2020 to appeal the denial of his state habeas petition. Therefore, the judgment in that case became final and statutory tolling ended, when the time for appeal ran out on April 30, 2020. The AEDPA clock restarted the following day and expired 71 days later on July 11, 2020. The federal petition was mailed to this court on January 4, 2021. Absent another basis for telling or delayed accrual, Petitioner filed his petition over five-and-a-half months after the AEDPA limitation period expired. As a result, Petitioner must show cause why the petition should not be dismissed with prejudice as time-barred.

The one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560

U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotation omitted)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." Id. at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Arizona Att'y General*, 499 F.3d 1056, 1061 (9th Cir. 2007). In addition, under certain circumstances the one-year limitation period may begin running on a later date or may be statutorily tolled. 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).

If Petitioner seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new, reliable evidence tending to establish actual factual innocence, i.e., tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

### b. Procedural Default

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law ground due to a procedural default by the petitioner. Nevada law prohibits state prisoners from seeking post-conviction relief in a petition for writ of habeas corpus where the grounds for the petition could have been raised in a direct appeal. NRS 34.810(1)(b)(2). The Ninth Circuit has found this statute to be an independent and adequate state procedural rule as applied to non-capital cases. *E.g., Vang v. Nevada*, 329 F.3d 1069, 1073–74 (9th Cir. 2003).

When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McQuiggin v. Perkins*,

569 U.S. 383, 386 (2013) (the miscarriage of justice exception ensures "that federal constitutional errors do not result in the incarceration of innocent persons"). *See also Schlup v. Delo*, 513 U.S. 298, 329 (1995). To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012). Ignorance or inadvertence does not constitute cause. *Murray v. Carrier*, 477 U.S. 478, 486–87 (1986). To show prejudice, a petitioner bears the burden of showing not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *Carrier*, 477 U.S. at 494; *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019).

In the present case, Petitioner acknowledges that federal Ground 1 was not raised on direct appeal. ECF No. 1-1 at 3. The state district court held that the claim presented in the state habeas petition was waived because the claim needed to be raised on direct appeal. Petitioner therefore must show cause why Ground 1 should not be dismissed with prejudice as procedurally defaulted.

**IT IS THEREFORE ORDERED:**

1. Petitioner Daryn S. Richardson's Application to Proceed *In Forma Pauperis* (ECF No. 4) is GRANTED.

2. Petitioner must show cause in writing within 30 days of the date of entry of this order: (a) why this action should not be dismissed as untimely; and (b) why Ground 1 should not be dismissed on the basis of procedural default. If Petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further notice. If Petitioner responds but fails to show specific, detailed, and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

3. Any assertions of fact Petitioner makes in response to this order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made in a declaration under penalty of perjury based upon personal knowledge, or that are not supported by competent evidence Petitioner filed in the

federal record.  Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely.  Unsupported assertions of fact will be disregarded.

DATED: June 15, 2021.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE